IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ANDREW MCDONALD,

        Defendant.

Case No. 3:23-CR-00089-MMS

## DEFENDANT ANDREW MCDONALD'S SENTENCING MEMORANDUM

```
I certify this document and its attachments do not contain the (1) name of a victim of a
sexual offense listed in AS 12.61.140 or (2) residence or business address or telephone
number of a victim of or witness to any offense unless it is an address identifying the place
of a crime or an address or telephone number in a transcript of a court proceeding and
disclosure of the information was ordered by the court.
```

      Defendant Andrew McDonald comes before this Court to take responsibility for the unlawful transport of illegally taken wildlife in violation of 16 U.S.C. § 3372(a)(1), 16 U.S.C. §3372(d)(2). Other charges, specifically failure to salvage any moose meat or hunting in a prohibited area, are acknowledged as part of the plea agreement and are the basis for the sentence imposed. This is a case where Mr. McDonald and his co-defendant did not wake up that day with the intent to commit a crime. They did not intend to hunt in a national park. They did not intend for a bear to eat their meat and prevent its salvage. Despite their lack of intent, this is what happened and Mr. McDonald has agreed to take responsibility for what happened. He also recognizes that things could have gone much differently had he admitted to what he had done initially. While Mr. McDonald, on hindsight, would have handled the aftermath of his negligent actions that day differently, he takes full responsibility for how he did handle it and for failing to be candid when confronted about his failures.

**JASON WEINER AND ASSOCIATES, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

Defense counsel fortunately has had the benefit of reading Defendant Christopher Brumwell's sentencing memorandum before writing Mr. McDonald's sentencing memorandum. Mr. Cole is a very experienced lawyer with 14 years more experience than undersigned counsel, and prepared a very thorough and well written memorandum. Rather than try and duplicate Mr. Cole's extensive efforts, undersigned counsel will simply indicate where Mr. McDonald agrees, and add what he can to the facts as Mr. McDonald has conveyed them, with an emphasis on Mr. McDonald's actions.

While the Court has not explicitly told the parties why he has chosen to preliminarily reject Mr. McDonald's plea agreement, one could assume it is because of his lack of candor when rangers came up to him after he shot the moose and asked him questions. Mr. Brumwell called it "buck fever." Undersigned is not sure what "buck fever" is, but undersigned has been out in the wilderness for a few days at a time, sometimes during the winter. The longer one is out in the elements in Alaska, the more fatigued one becomes. This was not the first day of hunting for these gentlemen. They were also not alone, and went hunting while their family was camping nearby.

It can be safely assumed, and Mr. McDonald will attest to it, that he was pretty tired. When a person is tired, they often make poor choices. They take the easy route instead of the best route. While this is not always the case, it would appear that these men, who do not have any criminal history to speak of, care for their children with their wives, maintain steady employment, and earn enough to support their families, made a decision that they most likely would not have made if they were not fatigued and in more comfortable, familiar surroundings. Unfortunately, sometimes we need to be judged at our worst as opposed when we are at our best, but the Court should recognize that in general, these men are law abiding citizens who are gainfully employed (one serving admirably in the military) who honor our country and the law

JASON WEINER
AND
ASSOCIATES, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

and had no idea what did happen that day would occur. Mr. McDonald asks the Court to look past his transgression after his negligent failure to identify where he could and could not hunt a moose and his failure to salvage the meat before a bear got to it and consider Mr. McDonald for the good things he does every day for his family and the public through his steady employment.

Mr. McDonald lives in Harrisburg, South Dakota with his wife and children. He provides for his family with a steady middle income job. This was his first hunt. He was excited for the hunt, but unavoidably inexperienced. While he takes full responsibility for his own actions, he did have to rely both on his equipment functioning properly (which was not always the case the day of the incident) and guidance from his friend who had hunted before and often. Mr. McDonald can elaborate further on his family, his line of work, his income, and his experience (or lack thereof) hunting at the sentencing hearing.

The plea agreement Mr. McDonald entered into with the United States Attorney entails a fine of $2,500.00 and restitution to Denali National Park in the amount of $7,500.00. It includes supervised probation for four years. It prohibits Mr. McDonald from hunting wildlife or obtaining a hunting license worldwide for a four year period. Mr. McDonald must give up the meat and parts obtained from the hunt, including the moose skull, his gun and his scope. He cannot file a petition for early termination of probation.

Mr. McDonald generally agrees with the statement of the facts about the hunt in question in the fall of 2021. Mr. McDonald did shoot the moose. Mr. McDonald and Mr. Brumwell knew they were close to the park boundary where they could not hunt, but did not think they were actually hunting in the prohibited area. They could have been more careful and avoided all of this, but again, hindsight is 20/20 and they cannot change the past. Mr. McDonald and Mr. Brumwell tried to pack out all the meat from the moose, but a bear had fed on the remains. Mr. McDonald had never hunted a moose before. He does not live in Alaska. He has a

**JASON WEINER AND ASSOCIATES, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

natural fear of bears like most people do. Mr. McDonald and his companion ultimately chose to be safe rather than risk being attacked by a bear to salvage the meat that remained at the kill site.

Mr. McDonald agrees with Mr. Brumwell that it took over a year to be notified that the U.S. was charging him with a crime for the day back in September of 2021. Mr. McDonald also hired counsel, but did not know what the U.S. Attorney was charging him with or what evidence they had of a crime. Based on undersigned's experience with hunting cases in State court and Mr. McDonald's willingness to cooperate, undersigned was optimistic that this case would be fairly simple and Mr. McDonald would not have extensive attorney fees that would take away from his ability to support his family. Ultimately, that has not been the case and this case has taken far more work than expected even with Mr. McDonald's willingness from the start to accept a plea from the United States. Mr. McDonald asks that the Court consider this expense in addition to the fine and restitution ordered when it evaluates whether Mr. McDonald has been sufficiently penalized for his actions through the plea agreement.

Mr. McDonald was able to view the evidence with the United States in April of 2023, almost two years after the hunt. The matter finally resolved in August of 2023. Mr. McDonald signed the plea agreement around the same time as Mr. Brumwell in September of 2023, before full discovery was made available to him. Mr. McDonald knew what he had done wrong and did not need to force the United States to incur additional costs in providing discovery or preparing for trial. He freely plead without knowing all the United States had as evidence.

Mr. McDonald agrees with Mr. Brumwell's recitation of the history of the case thus far. Mr. McDonald and his counsel were very surprised when the plea agreement was rejected by the Court. He to this day is uncertain what part of the plea agreement the Court felt was insufficient. It could possibly have been that the Court did not have enough information at the time to accept the plea agreement. Mr. McDonald hopes that this sentencing memorandum provides the Court

JASON WEINER AND ASSOCIATES, PC
1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

with what he needs to accept the plea agreement, and Mr. McDonald is ready, willing and able to answer any questions the Court may have that would help him to evaluate the plea agreement.

Mr. McDonald agrees with Mr. Brumwell's analysis of the federal sentencing guidelines. He agrees that he is paying $7,500 in restitution for a moose where Alaska law defines the value of a moose to be $1,000.00. This does not change Mr. McDonald's willingness to accept the plea, and he is not complaining. However, Mr. McDonald does ask the Court to consider that he is not paying the minimum, and in fact is paying about 30% of his yearly take-home pay in fines and restitution for this hunt. Mr. McDonald also believes he should be entitled to two points for acceptance of responsibility, reducing his level from six to four, and that this determination should be made at the next hearing date. Mr. McDonald also does not have any criminal history and should be considered a Criminal History Category 1 defendant and a Zone A defendant entitled to a probationary sentence.

Mr. McDonald agrees that the plea agreement was the result of negotiations between himself and the United States. Mr. McDonald felt that four years of supervised probation, where in Alaska state court there would be usually only one year of unsupervised probation, was a long time, but he was willing to accept it as he was accepting responsibility for his actions. He felt losing his gun and his scope while paying $10,000.00 in fines and restitution would be difficult to recover from, but he would figure out a way. The plea agreement was fair. It was not a gift. It requires both commitment and extensive resources, of which Mr. McDonald is limited, to satisfy. It gives him a misdemeanor conviction for life. It prevents him from getting a hunting license for four years. It is a serious sentence. Mr. McDonald was and is ready to accept the sentence regardless of whether it is consistent with sentences in similar crimes. He is not ready to accept a harsher sentence, as he would hope the Court will recognize that his actions were not

**JASON WEINER AND ASSOCIATES, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

intentional, but negligent and the result of fatigue and poor spontaneous judgment that he corrected on the scene.

Mr. McDonald agrees that the probationary sentence is consistent with 18 USC §3553 and the federal sentencing guidelines, and complies with all the factors considered when deciding on an appropriate sentence. The sentence recognizes the seriousness of the offense. People from around the world come to Denali National Park, protected from hunting, to see wildlife first-hand. Mr. McDonald took away an opportunity and injured the ecosystem in the park through his negligence. He did not own up to what he did initially, but eventually did. He hoped the nightmare would just go away. This is not an uncommon reaction from someone who commits a negligent act with severe potential consequences in a foreign environment. Unfortunately, Mr. McDonald knows that his actions after the hunt only made matters worse, and has learned a lesson for the future. Mr. McDonald will absolutely be more careful in all that he does in the future. When he can hunt again in four years, he will cherish the privilege and strictly honor the laws governing any hunt he participates in. The extreme cost of his mistake and the long probation period should deter others from making the same mistake in the future, and should encourage other hunters to be honest about their mistakes after they are made.

Mr. McDonald agrees with the description of the severity of the charge. It should be noted that Mr. McDonald did not illegally hunt this moose for financial gain. He was hunting a species that could be hunted, just not where it was hunted. He hunted at a time when he was allowed to hunt. While he could have better identified where he was, without the help of electronic equipment, it was not obvious that he was hunting in the park. Sometimes cases similar to this are treated as minor offenses, as opposed to misdemeanors, in State court. The restitution and fines are but a fraction of what he is pleading to in this case. However, Mr. McDonald accepts that he did break federal law, damaged a pristine and beloved national park,

**JASON WEINER AND ASSOCIATES, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

and that he must pay the penalty for those consequences and that the plea agreement reflects the nature and jurisdiction of his crime. Mr. McDonald appreciates the thorough analysis of caselaw conducted by Mr. Brumwell's attorney, and joins in that analysis, which is consistent with undersigned's experience as both a defense attorney and prosecutor who has handled several fish and game cases during his career.

This Court should accept the negotiated plea agreement and sentence Mr. McDonald accordingly. He has learned his lesson. He is paying for his failures and lack of candor after those failures. He is paying serious fines and restitution, will be supervised for four years on probation, has lost his gun and his sight, and will not be able to hunt for four years. Mr. McDonald feels this punishment serves not only to teach him a lesson, but to encourage others to be more careful when they hunt. The purpose of the plea agreement – both deterrence and community condemnation – is served by the Court accepting the plea agreement and sentencing Mr. McDonald accordingly.

Dated: February 14th, 2024.

JASON WEINER & ASSOCIATES, PC
Attorney for Defendant

By: /s/ Jason Weiner
Jason A. Weiner
ABA No. 9906031

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was provided via ☒ E-mail ☐ courier ☐ hand-delivery to the following:

**Ainsley McNerney:**
Ainsley.McNerney1@usdoj.gov

Dated: 2/14/2024 By: /s/ Jason Weiner

**JASON WEINER AND ASSOCIATES, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com